**SO ORDERED: December 2, 2020.**



**James M. Carr**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| DOUGLAS D. DUPREE, SR., | ) | Case No. 18-02986-JMC-7A |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | |
| JOANNE FRIEDMEYER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 20-50071 |
| | ) | |
| DOUGLAS D. DUPREE, SR., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

THIS PROCEEDING comes before the Court on *Plaintiff's Motion for Summary*

*Judgment on Plaintiff's Complaint to Revoke Discharge and Designation of Evidence in Support*

*Thereof* filed by Joanne Friedmeyer, chapter 7 trustee ("Trustee"), on August 7, 2020 (Docket

No. 10) (the "Motion").  The Court, having reviewed and considered the Motion, *Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment* filed on August 7, 2020 (Docket No. 11) and the evidence in support of the Motion designated by Trustee, having noted that no response to the Motion was filed, and being otherwise duly advised, now GRANTS the Motion.

Trustee moves the Court to enter summary judgment in her favor and against Douglas D. Dupree, Sr. ("Debtor") pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7056.  Plaintiff seeks to revoke Debtor's chapter 7 discharge (the "Discharge") entered in the underlying bankruptcy case on August 15, 2018 (Bankruptcy Case Docket No. 20) due to Debtor's failure to comply with a lawful order of the Court.

*Summary Judgment Standard*

To obtain summary judgment, Trustee must show that there is no genuine dispute as to any material fact and Trustee is entitled to judgment as a matter of law.  Fed R. Civ. P. 56(a). The burden rests on Trustee, as the moving party, to demonstrate that there is an absence of evidence to support the case of Debtor, the nonmoving party.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  After Trustee demonstrates the absence of a genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment.  *Id*. at 324, 106 S.Ct. at 2553.  If Debtor does not come forward with evidence that would reasonably permit the Court to find in his favor on a material issue of fact (and if the law is with Trustee), then the Court must enter summary judgment against Debtor.  *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-

87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at 2552-53; and

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Reasoning*

Trustee asks the Court to revoke Debtor's Discharge for Debtor's failure to obey the

*Order Granting Motion for Turnover* entered in the underlying bankruptcy case on December 6,

2019 (Bankruptcy Case Docket No. 29) (the "Turnover Order") pursuant to 11 U.S.C.

§ 727(d)(3) and (a)(6)(A).

Section 727(d) provides, in relevant part:

On request of the trustee, a creditor, or the United States trustee, and after notice and a hearing, the court shall revoke a discharge granted under subsection (a) of this section if –
…
(3) the debtor committed an act specified in subsection (a)(6) of this section … .

Section 727(a) provides, in relevant part:

The Court shall grant the debtor a discharge, unless –
…
(6) the debtor has refused, in the case –
(A) to obey any lawful order of the court, other than an order to respond to a material question or to testify … .

Trustee argues that there is no genuine dispute about any material fact. Pursuant to the

Turnover Order, Debtor was ordered to turn over $8,600 to Trustee, and Debtor has failed to turn

over such amount. Accordingly, summary judgment should be entered in Trustee's favor and

against Debtor, and Debtor's Discharge should be revoked.

The Court concludes that Trustee has met her burden to demonstrate that there is an

absence of evidence to support the case of Debtor. The burden then shifts to Debtor to "go

beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude

summary judgment. Debtor has not responded to the Motion in any way or otherwise presented

any evidence to the Court to preclude the entry of summary judgment.  Because there is no

genuine issue of material fact, the Court must determine if the law is with Trustee.

"[T]he violation of a 'lawful order of the Court' *ipso facto* establishes grounds for

revocation of a debtor's discharge … .  Effective administration of bankruptcy cases requires

debtors to comply completely with lawful orders of the Court entered in their cases."  *DuBois v.*

*Faber (In re Faber)*, 330 B.R. 235, 240 (Bankr. N.D. Ind. 2005).  The Turnover Order was

properly entered by the Court after review and consideration of Trustee's request therefor

pursuant to 11 U.S.C. § 542(a), a request to which Debtor did not object.  Debtor's opportunity to

challenge the Turnover Order has long since passed.  The Turnover Order is a lawful order.

Debtor has refused to obey the Turnover Order.  Accordingly, the Court will revoke Debtor's

Discharge pursuant to § 727(d)(3).

## Conclusion

For the reasons set forth above, the Court GRANTS the Motion and will enter judgment

in favor of Trustee and against Debtor contemporaneously herewith.

IT IS SO ORDERED.

###